Frank C. and Nina K. Williamson v. Commissioner.
Williamson v. Commissioner
Docket No. 841-69 SC.
United States Tax Court
T.C. Memo 1969-145; 1969 Tax Ct. Memo LEXIS 154; 28 T.C.M. (CCH) 749; T.C.M. (RIA) 69145; July 3, 1969. Filed Frank C. Williamson, pro se, 1365 D St., Apt. 24, Hayward, Calif. Joel A. Sharon, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $119.15 in petitioners' Federal income tax for the year 1966. The only issue presented is whether petitioners provided more than one half of the total support of Robert West Gross during 1966. Frank *155 C. Williamson and Nina K. Williamson, husband and wife, were residents of Hayward, California, at the time their petition was filed herein. Their joint Federal income tax return for 1966 was filed with the district director of internal revenue at San Francisco, California. Robert West Gross (herein referred to as Robert) is the son of Nina K. Williamson and the step-son of Frank C. Williamson. During the year 1966 through December 3, Robert lived in petitioners' home and attended Chabot College as a full-time student. He moved from petitioners' home after his marriage on December 3, 1966. During 1966 the petitioners provided not more than $1,539.17 of Robert's total support. Edward Gross, Robert's father, paid in 1966 at least $515.13 in actual support of his son. During 1966, Robert earned gross income of $2,616.32 from several odd jobs. Of this amount, he spent at least $1,237 toward his own support. In order to qualify for a dependency exemption deduction for a son, a taxpayer must provide over one half of his son's support during the taxable year. Section 151(a) and (e) and Section 152(a)(1), Internal Revenue Code of 1954. Contributions toward Robert's *156 support came from three sources: his own earnings, his father and petitioners. Construing all the evidence in this record in a light most favorable to petitioners, we have found that petitioners provided $1,539.17 toward Robert's total support of $3,291.30. Consequently, we are constrained to conclude that petitioners did not provide over one half of Robert's total support in 1966, and therefore are not entitled to the dependency exemption claimed. Decision will be entered for the respondent.